UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Wallace S. Nolen,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

                v.                                  02CV499
                                                        (Consent)

                                                   **Decision & Order**

Glenn S. Goord et al.,
                Defendant.
_____

      Before the Court is the defendants' motion to dismiss the complaint in this matter (Docket Nos. 47 and 50) and the plaintiff's motion to strike the answer (Docket No. 56).

**Background**

      The plaintiff commenced this action in the Northern District of New York by filing a *pro se* complaint (Docket No. 1). The seven-page typed complaint filed by the plaintiff alleged, among other claims, that the defendants failed to protect him from assault by other inmates in violation of the Eighth Amendment to the United States Constitution. (Docket No. 1). The plaintiff's principal claim revolves around the defendants' failure to protect him from being assaulted by other inmates on June 29, 1999. The plaintiff is now represented by counsel who was granted leave to file an amended complaint. The Amended Complaint follows the

1

plaintiff's original complaint but adds a due process claim and modifies the *ad damnum* clause. (Docket No. 29-3, ¶¶ 52-59).

**Defendants' Motions**

The defendants' motions to dismiss the complaint are based upon the plaintiff's failure to provide the defendants with authorizations to obtain medical record in a timely manner. It appears undisputed that the plaintiff did not provide the authorizations in a timely manner. The Court is not persuaded by the plaintiff's argument that the he was only required to provide the name of the plaintiff's doctors and that the defendant's counsel was responsible for the drafting of the actual authorizations.

If the plaintiff has not yet done so, he is directed to provide the defendants with proper authorizations for all medical records, including medical attention he received subsequent to his release from incarceration.

Rule 37(d) refers to the imposition of sanctions where a party fails to attend his or her own deposition or fails to serve responses to discovery requests. Rule 37(d) authorizes the imposition of sanctions under Rule 37(b)(2). Rule 37(b)(2) provides that "[i]f a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (B) An order refusing to allow the disobedient party to support or oppose

designated claims or defenses, or prohibiting that party from introducing designated matters in evidence."

In <u>Marfia v. Bankasi</u>, 1996 WL 625608 (2d Cir. 1996), the Second Circuit reaffirmed that such an extreme sanction under Rule 37 is not favored in most cases. In <u>Marfia</u>, quoting from its previous decision in <u>Cody v. Mello</u>, 59 F.3d 13, 15 (2d Cir.1995), the Second Circuit stated:

> This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default. ... We have recognized that " 'dismissal is "a harsh remedy to be utilized only in extreme situations." ' " ... Similarly, we have described default judgments as " 'the most severe sanction which the court may apply.' " ... The proper disciplining of a party under circumstances of default is one of those necessary, but troublesome, questions which usually must be left to the control of the trial judge in the course of his administration of his court. ... In final analysis, a court has the responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default.

Under the facts and circumstances present in this case, the extreme sanction of dismissal is not warranted. The motions to dismiss the complaint, or any of the plaintiff's claims is denied at this time. The Court notes that the defendants' moving papers do not reflect that defendants' counsel made an attempt to contact the plaintiff's counsel to resolve this issue prior to the filing of the motion. Although the plaintiff has not demonstrated that he was substantially justified in not providing the medical authorizations in a timely manner, the Court will decline to award costs in light of the fact that it does not appear that sufficient efforts to resolve the matter were undertaken prior to the filing of the instant motions.

**Plaintiff's Motion**[1]

The plaintiff moves to strike the defendants' answer based on the fact that the defendants have allegedly failed to provide documents contained in the plaintiff's inmate file. In the June 25, 2005 Order, the Court directed that the defendants "produce plaintiff's inmate records relevant to this action, including (but not limited to) grievance records, inmate medical records, disciplinary records, housing and placement records, other administrative records." The Court notes that it was necessary for the Court to direct such production because the plaintiff had not served *any* discovery demands upon the defendants throughout the discovery period established in this case. The plaintiff argues that the defendants' failure to provide documents relating to events prior to June 29, 1999 constitutes a violation of the Court's Order. Primarily, the plaintiff appears to seek documentation relating to the multiple transfers of the plaintiff between a number of correctional facilities in New York. (Docket No. 56-2 at ¶¶ 4-5).[2]  The plaintiff has not

---

[1] The defendants were provided with a sufficient opportunity to respond to the instant motion during the oral argument heard on October 21, 2005 (the day after the plaintiff filed the instant motion). Thus, a separate briefing schedule is unnecessary.

[2] The plaintiff had filed a previous motion to compel (Docket No. 41). However, that motion was denied inasmuch as the plaintiff's papers did not provide the Court with *any* guidance whatsoever as to how the defendants' discovery response was deficient, did not state why the motion (which was filed on the last day of the discovery period) could not have been made in a more timely manner, and failed to demonstrate any attempt to resolve the matter with defendants' counsel prior to the filing of the motion. Plaintiff's counsel failed to appear in Court as directed for oral argument. Plaintiff's counsel's associate did appear (after being contacted by the Court) but was not able to provide the Court with any information as to the basis of the motion. Thus, the Court had no basis upon which to grant relief with respect to that motion. (Docket No. 46). At oral argument with respect to the instant motion, plaintiff's counsel suggested that the Court converted the plaintiff's prior motion into a defense motion because the Court directed the plaintiff to provide overdue medical authorization. The fact that the Court granted relief based upon the oral motion of the defendants for medical authorizations did not "convert" the plaintiff's motion to a defense motion. The Court notes that the plaintiff does not contend that the plaintiff had any basis to refuse to provide the authorizations, nor does the plaintiff contend that the authorizations had been provided to the

established that the frequency of his transfers between correctional facilities is related to the events of June 29, 1999.  Although the plaintiff alleges the existence of a "conspiracy" to commit arson, assault and other injuries upon the plaintiff involving unnamed "staff" (presumably not the named defendants) at unspecified facilities (Amended Complaint at ¶ 24), the plaintiff has not articulated any factual basis whatsoever with respect to those claims.  The facts relating to the plaintiff's placement in the general population unit in which he was assigned on June 29, 1999 may be relevant to the plaintiff's failure to protect claim.  The plaintiff has not demonstrated that the facts relating to prior placements at other facilities is connected to the events of June 29, 1999.  Thus, to the extent the defendants have not already done so, the defendants are directed to supplement their production with any documents which relate to the decision to place the plaintiff in the unit he was assigned, as well as documents relating to any decision not to provide the plaintiff with protective custody, on June 29, 1999.

For reasons similar to those discussed above in relation to the defendants' motions, the plaintiff's motion for sanctions is denied.

**Scheduling**

The following schedule will apply in this case:

1. The discovery directed by this Order shall be provided by December 9, 2005.  No other discovery shall take place (except as mutually agreed upon by the parties).

2. Dispositive motions shall be filed by January 7, 2006.

3. The jury trial in this matter shall commence on February 21, 2006 at 9:00 am before the undersigned.

---

defendants as of the date of argument.

4.No further requests for extensions will be considered.

## Conclusion

The respective motions are granted in part, denied in part consistent with the above.

SO ORDERED.

s/ Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
November 15, 2005